BOWLING GREEN TRUST CO. v. VIRGINIA PASSENGER & POWER CO. et al. JOHN A. ROEBLINGS SONS CO. v. SAME.

CENTRAL TRUST CO. v. SAME.

(Circuit Court, E. D. Virginia. October 11, 1904.)

1. RECEIVERS—OBJECTIONS TO APPOINTMENT—RELATIONSHIP TO PARTIES IN INTEREST.

Where the appointment of a person as one of the receivers for a railway corporation in foreclosure suits is asked by the trustees in the several mortgages affecting the property and by other creditors, and favored by practically all of the parties in interest, and is opposed by only a small minority of the bondholders, who make no charge against his integrity or ability, and he is specially fitted for the position by reason of his familiarity with the property and its operation, the appointment will not be refused because of his relationship to certain of the large stockholders and bondholders, nor because of his prior connection with the defendant company as an officer and director.

In Equity. Suits for foreclosure of mortgages and liens. On application to make appointment of temporary receivers permanent.

Goodwin, Thompson & Vanderpoel, Munford, Hunton, Williams & Anderson, Christian & Christian, Butler, Nottman, Joline & Mynderse, Leake & Carter, Davis & Davis, Alexander Hamilton, William B. McIlwaine, and L. L. Lewis, for several complainants and petitioners.

Miles M. Martin, for defendant companies.

WADDILL, District Judge. The question raised as to the propriety of making permanent the appointment of William Northrop, one of the temporary receivers heretofore appointed herein, has been duly considered by the court, and the conclusion reached is, under the facts and circumstances of this case, taking into account the manner of his selection and in which he has discharged his duty since the appointment, his admitted eligibility from the standpoint of character, qualification, and experience for the discharge of the difficult duties in hand, that he should not be displaced, and another person named in his stead; but, on the contrary, he should be made a permanent receiver along with his co-receiver, Henry T. Wickham. The objections made to Mr. Northrop in no manner affect his character as a man. On the contrary, it is admitted, and the proofs abundantly show, his thorough integrity, his high order of intelligence, and his entire familiarity with the duties required to be performed. But it is said that because of his relationship to two of the parties in interest (Frank J. Gould and Miss Helen Miller Gould), and his connection with the company as a director (its assistant secretary and assistant treasurer), and because of his acts as an officer of the company in reference to a particular transaction affecting a portion of its property, and also his conduct as trustee respecting another interest therein, he should not be placed in the position of receiver, and that he would not be an impartial receiver in dealing with the affairs of the company. Generally, it may be said that there is no claim that the financial embarrassments of the company in any way arose as a result of anything that Mr. Northrop did, or that was done after his advent into the business of the company. On the contrary,

upon his coming in, and through the instrumentality of those who caused him to be connected with the company, large pecuniary assistance was rendered the company, by reason whereof its financial disaster was for a considerable time averted. The familiarity with the company's affairs acquired by him during this period, and the experience thus gained in the operation and management of the several properties under the control of the court, tend rather to strengthen the reason for his appointment than otherwise. So far as the two specific objections above urged against him in the management of the company's affairs and the discharge of his duty as trustee are concerned, it is admitted that as to those he was guilty of no moral turpitude, and that in what he did, however imprudent or unwise it may have been, there was no fraud or wrong intended. An investigation of those transactions quite clearly demonstrates that the utmost good faith prevailed in what was done, not only on the part of the said Northrop, but the other parties participating therein; and that, in so far as he acted as an officer of the company, what was done was the joint work of the entire directory of the company, and their judgment as to the proper course to be pursued in reference to a business transaction of the company in an emergency in which it was then placed. In so far as the charge of relationship to two of the parties in the litigation is concerned, that of itself should not suffice to sustain the objections, particularly where the request for appointment comes from practically every person in interest, save a comparatively small number of bond and stock holders, some of whom are particularly hostile to the interest of those in the company to whom Mr. Northrop is related. The selection was originally made upon the request of the trustee in the consolidated mortgage of $15,000,-000, covering the entire property of the defendant company, and acquiesced in by the company itself. In a word, the trustee, speaking for all the bondholders of that issue, and the defendant company, speaking for its stockholders, asked the appointment; and now, in addition to those originally making the request, the trustees in the several underlying mortgages on the different properties included in the consolidation, with the single exception of the trustee in the second mortgage on part of the property covered by a $3,000,000 first lien, join in the request for the appointment of Mr. Northrop, and the trustee in the second mortgage referred to raises no objection thereto. The trustee in the $3,000,000 mortgage referred to has filed its bill in this court seeking to foreclose its mortgage, and in that proceeding makes the request for such reappointment; and the trustees in the several other underlying mortgages, before having formally intervened, have appeared in these causes already instituted, and joined in the request. In addition thereto, numerous creditors of the company, unsecured, and those who have filed supply liens for large amounts, also join in the request; making it thus to appear that Mr. Northrop is the choice practically of all the parties in interest, save the small number of bondholders and stockholders hereinbefore referred to. The court would be glad to select some person entirely agreeable to every single interest in the company, but this is next to impossible, and, the secured as well as the unsecured creditors by overwhelming voice having asked the retention of Mr. Northrop as the person in every way best suited to subserve their

interests and to discharge the duties of an office of this court, to which he has been appointed, the court does not feel inclined in any event to substitute its judgment for theirs, and select another person; particularly in view of the fact that in selecting the other receiver a person of its own choice was named, without conference with or request of any party in interest, and to whom no objection has been made. To decline to appoint Mr. Northrop under the circumstances would practically be to deny to the parties interested any voice in the selection of a receiver.

The appointment, therefore, of Mr. Northrop, and also of his co-receiver, Henry T. Wickham, will be made permanent.